Filed 1/14/21  Edwards v. Burkholder CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GARY M. EDWARDS, as Trustee, etc. et al., <br><br>    Plaintiffs and Respondents, <br><br>        v. <br><br> RICHARD BURKHOLDER et al., <br><br>    Defendants and Appellants. | G058049 <br><br> (Super. Ct. No. 30-2018-01025993) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.  Request for judicial notice denied.

Veatch Carlson, Adam S. Levine, Serena L. Nervez, Richard F. Dieffenbach; Lewis Brisbois Bisgaard & Smith, Ernest Slome and Jeffry A. Miller for Defendants and Appellants.

Pistone Law Group, Thomas A. Pistone and Amy A. Mousavi for Plaintiffs and Respondents.

\* \* \*

This is an appeal from an order denying a special motion to strike under the anti-SLAPP (strategic lawsuit against public participation) statute. (See Code Civ. Proc., § 425.16 (§ 425.16).) The owners of a house in a planned community decided to demolish their home and build a new one, but construction stalled due to disputes with their homeowners association and next-door neighbors. The owners sued the association and neighbors for interfering with their ability to make improvements to the property, and the neighbors filed an anti-SLAPP motion, asserting the claims arose from their alleged complaints to the association.

The trial court denied the anti-SLAPP motion, finding the challenged claims did not arise from protected activity because the neighbors' complaints to the association were not made in connection with an issue of public interest. After reviewing the record de novo, we conclude the court properly denied the anti-SLAPP motion, but on different grounds than those provided in the court's order. As we explain below, the neighbors failed to meet their burden to identify any allegations of protected activity and the claims for relief supported by them. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*) ["the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them"].) We therefore affirm.

## FACTS

The following facts are taken from the complaint, declarations, and other evidence submitted on the special motion to strike. (See § 425.16, subd. (b)(2).)

Harbor View Hills Homeowners Association (HOA) is a homeowners association for a planned development in Corona Del Mar that contains approximately 449 homes. Richard and Anita Burkholder (Appellants) own a house in the development

2

and are members of the HOA. They assert their property has a "valuable view" from the master bedroom and its deck.

Gary and Naomi Edwards (Respondents) purchased the house next door to Appellants in 2012. The following year, they applied to the HOA's Architectural Review Committee (ARC) for preliminary approval to demolish their property's existing structures and landscaping and build a new home and improvements. The ARC approved the project in 2015 and authorized Respondents to proceed with construction.

Appellants signed off on the preliminary plans, but they refused to approve amended plans to expand the project, asserting the new construction would obstruct their views, which Appellants insisted were "original, intended and protected." Respondents countered that "cross views are not protected." This led to a multi-year dispute between Appellants and Respondents.

According to Appellants, they "complained repeatedly to the HOA and [the ARC] that [Respondents'] project would block [their] protected view." To the extent any of those complaints were in writing, however, they are not in the record; nor does the record include any other evidence or information about Appellants' alleged complaints to the HOA and the ARC.

As construction continued, Appellants assert Respondents did not comply with the HOA's governing documents. For example, it is alleged Respondents continued construction beyond the allowed 18 months without reapplying for HOA approval, installed solar panels without HOA approval, and began landscape and hardscape work before distributing neighbor response forms. In 2017, the HOA applied for and obtained a preliminary injunction barring Respondents from continuing with any construction or installation that had not been approved in writing by the HOA's ARC.[1]

---

[1] Appellants ask us to take judicial notice of the HOA's complaint against Respondents for injunctive and declaratory relief in that same case. We decline to do so. Although Appellants' anti-SLAPP motion included the HOA's injunction against

Attorneys for the HOA's Board of Directors later sent a letter to all HOA members clarifying the HOA's policy on protecting owners' views. Enclosed was a document entitled "HVHS View Protection Clarification," which stated, among other things, that "[c]ross-property [v]iews are entitled to protection. A view of any point of interest listed in Article VII of the CC&Rs is protected, even if the view of the point(s) of interest is across another homeowner's lot." Although the document did not mention Respondents' project, it implicitly rejected Respondents' position that "[c]ross-property views are not protected."

The following year, Respondents filed the instant action against the HOA, Appellants, and Zachary Sham, who served as the HOA's consulting architect and whom Appellants had hired to remodel their home, for interfering with Respondents' ability to make improvements to their property, for failing to disclose Sham's conflict of interest, and for causing Respondents to sustain roughly $1 million in damages. In their operative First Amended Complaint, Respondents asserted a claim against the HOA for breach of fiduciary duty based on the failure to disclose Sham's conflict of interest; a claim against the HOA and Sham for negligence based on that same failure to disclose; a claim against Sham for concealment of material facts; claims against the HOA, Sham, and Appellants for aiding and abetting the HOA's breach of fiduciary duty and for enforcement of the HOA's governing documents; a claim against Appellants and Sham for nuisance; and a claim against Appellants for intentional interference with contractual relations.

Appellants filed an anti-SLAPP motion seeking to strike the four causes of action against them and the complaint as a whole. They argued the complaint arises from

---

Respondents, it did not include the HOA's complaint against Respondents for injunctive and declaratory relief in that same case. Absent unusual circumstances, we do not take judicial notice of evidence in support of an anti-SLAPP motion that was not presented to the trial court. (*Jenni Rivera Enterprises, LLC v. Latin World Entertainment Holdings, Inc.* (2019) 36 Cal.App.5th 766, 775, fn. 4.)

conduct in furtherance of the exercise of their constitutional rights of petition and free speech in connection with an issue of public interest—namely, their complaints to the HOA Board and the ARC that Respondents' project would block their view. They further argued their HOA complaints were a matter of interest to all homeowners in the development, any one of whom might be affected by a lawsuit allowing another owner to obstruct his view, and that in defending their own interests, they benefitted the entire community of homeowners.

The trial court denied the anti-SLAPP motion, finding Appellants had "not shown that [Respondents'] claims against them are based on activity protected under CCP 425.16(e)." The court explained its thinking: "While it appears that [Respondents'] claims against [Appellants] are based, at least in part, on [Appellants'] complaints to the HOA, and thus are made 'in connection with' a public forum, [Appellants] have failed to show that their complaints to the HOA board and/or the ARC were made 'in connection with an issue of public interest.' Rather, the 'controversy' here involves only [Respondents'] construction, and [Appellants'] complaints that the construction would interfere with their personal views."

The trial court then reached this conclusion: "[Appellants] contend that their statements to the HOA Board and ARC constitute a matter of public interest to all members of the HOA, i.e. the right to protected views. [Citation.] This argument fails. [Appellants] fail to explain how the actions of the HOA Board and/or the ARC as to the dispute between [Appellants] and [Respondents], could or would affect any other homeowner's right to their protected views. Rather, it appears that [Appellants] want the court to assume that their complaints regarding 'view protection,' somehow have some precedential value for all homeowners."

Appellants appeal the order denying their anti-SLAPP motion.

5

**DISCUSSION**

The Legislature enacted the anti-SLAPP statute in 1992 in response to "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) Such lawsuits "are commonly known as SLAPP suits (strategic lawsuits against public participation)—litigation of a harassing nature, brought to challenge the exercise of protected free speech [or petition] rights." (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 665, fn. 3.)

The anti-SLAPP statute authorizes a special motion to strike meritless claims early in the litigation if the claims "aris[e] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) Anti-SLAPP motions are "'intended to resolve quickly and relatively inexpensively meritless lawsuits that threaten free speech on matters of public interest.'" (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619.)

When evaluating a special motion to strike, the trial court must engage in a two-step analysis. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

We review a trial court's order denying an anti-SLAPP motion de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325 (*Flatley*).) The statute requires us to "consider the pleadings, and supporting and opposing affidavits stating the facts upon

6

which the liability or defense is based." (§ 425.16, subd. (b)(2).) We therefore consider not only Respondents' complaint, but also the declarations filed in support of and in opposition to the anti-SLAPP motion. We do not weigh the credibility of that evidence, and we """"accept as true the evidence favorable to the plaintiff[s].""" (*Flatley, supra,* at p. 326.)

Turning to step one of the anti-SLAPP analysis, we must first decide whether Appellants made a threshold showing that Respondents' claims arose from an act in furtherance of Appellants' right of petition or free speech in connection with a public issue. (§ 425.16, subd. (b)(1)). That is, did Appellants establish the complaint arises from protected activity? "At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them." (*Baral, supra,* 1 Cal.5th at p. 396.)

As is relevant here, the anti-SLAPP statute defines protected activity to include: "(3) any written or oral statement or writing made in a place open to the public or a public forum *in connection with an issue of public interest*, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech *in connection with a public issue or an issue of public interest*." (§ 425.16, subd. (e), italics added.)

The parties devoted most of their briefing to debating whether Appellants' complaints to the HOA about Respondents' construction were "in connection with a public issue" or "an issue of public interest"—an understandable approach given the trial court's ruling. However, we are concerned with a more preliminary issue: have Appellants identified any allegations in the complaint arising from protected activity?[2]

---

[2] After oral argument, we requested and received supplemental briefing from the parties on this issue.

As the moving parties, Appellants were required to "identify[ ] all allegations of protected activity, and the claims for relief supported by them." (*Baral, supra,* 1 Cal.5th at p. 396.) After reviewing the record de novo, we conclude they failed to meet this burden.

In their anti-SLAPP motion, Appellants generically asserted "the underlying purpose of this lawsuit is to penalize them because they complained repeatedly to the HOA and its architectural committee that [Respondents'] project would block their protected view." However, the record does not specifically identify those alleged complaints, and we cannot discern whether they were in writing, when or how they were made, or what any complaint contained. Further, Appellants' motion did not identify any allegation in the complaint referring to those complaints.

Because they did not identify allegations of protected activity, we conclude Appellants have not carried their burden under the first prong of the anti-SLAPP analysis. (See *Baral, supra,* 1 Cal.5th at p. 396 ["the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them"].) We therefore do not reach the issue of whether Appellants' alleged complaints to the HOA concerned a public issue or a matter of public interest, nor do we address prong two of the anti-SLAPP analysis (Respondents' likelihood of prevailing on their claims). We express no view on the merits of Respondents' claims or of Appellants' defenses.

8

## DISPOSITION

The order denying Appellants' anti-SLAPP motion is affirmed.

Respondents shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.